**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES KNIGHT, )<br>)<br>　　　　Petitioner, )<br>v. )　　　No. 2:05-cv-51-RLY-WGH<br>)<br>AL C. PARKE, )<br>)<br>　　　　Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Charles Knight ("Knight") seeks a writ of habeas corpus to overturn the determination in a disciplinary proceeding identified as No. ISF 04-07-0078 that he violated the rules of conduct applicable to inmates through his "use or possession of one (1) cigarette."

Knight is entitled to the relief he seeks if the challenged proceeding placed him in custody ""in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

In these circumstances, Knight was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The pleadings and the expanded record show that the procedural requirements of *Wolff* were satisfied. That is, the charge was clear, Knight received more than 24 hours advance notice of the hearing, he appeared at the disciplinary hearing and made a statement concerning the charge, the conduct board set forth in writing its findings and the evidence considered, the statement of the sanctions was clear, and a written reason for the sanctions imposed was made. In addition, the expanded record shows that the decision of the conduct report was supported by at least "some evidence," which is required by *Hill*.

This is based on the account of the conduct report, wherein it is recited that on July 9, 2004, Knight was observed sitting on the stool in a restroom smoking a cigarette. Knight's challenge to the evidence rests on the fact that the conduct board's decision rests on the hearsay of the conduct report, but this is not a deficiency, for *Wolff* does not outlaw a conduct board's reliance on hearsay in resolving a charge of misconduct. *Wolff,* 418 U.S. at 567-68. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the petition itself or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date: 06/15/2005